In the Matter of SOLOMON LAUFER et al., Petitioners, against S. HOWARD COHEN et al., Constituting the Board of Elections of the City of New York, Respondents.

Supreme Court, Special Term, New York County, February 8, 1946.

*Hyman N. Glickstein* for petitioners.

*John J. Bennett, Corporation Counsel* (*Russell Lord Tarbox* of counsel), for respondents.

*Louis J. Lefkowitz* for Thomas J. Curran, as Chairman of the Republican County Committee of New York County, *amicus curiæ*.

HECHT, J. The only petitioner properly before the court as an aggrieved person is Solomon Laufer and his application alone will be determined.

He is a returned veteran who seeks to compel the respondents, comprising the Board of Elections of the City of New York, to accept his registration as a voter of the 19th Congressional District, New York, in the special election to be held in that Congressional District, pursuant to the proclamation of the Governor, on February 19, 1946.

Petitioner applied in person on February 1, 1946, at the Board of Elections for the purpose of registering in said special election. Respondents refused to accept petitioner's registration on the ground that he was not qualified to vote in the special election because of his failure to register for the general election of 1945. It is not disputed that petitioner is a resident of the 19th Congressional District.

I deem it unnecessary to consider petitioner's status as a discharged veteran for I find that, as a civilian, he is entitled to have his registration accepted under the provisions of section 157 of the Election Law.

The contention of the Board of Elections, succinctly stated, is that section 157 is limited in scope " to revise and correct the register " and not to add thereto the names of those not registered for the preceding general election; that applications under this section are made for the purpose of striking from the registers names of voters improperly thereon or adding thereto names of voters who changed their residence since the last general election. The board asserts that, except in the special provisions for veterans, the statute contemplates but one annual registration (Election Law, § 153, subd. 3). Sections 156-158 of the Election Law indicate the contrary. They specifically refer to " registration for other than general elections ". Section 156 provides for a special meeting of the inspectors of election in the case of special elections (outside of the city of New York) on the second Saturday preceding such special election " for the purpose of revising and correcting the register of voters." Subdivision 1 of section 157 defines the duties of the inspectors of election at such special registration meeting. The section provides, among other things, that the inspectors " shall, at such meeting, add only to the register the names of

persons qualified as voters who shall personally appear before the board." The section adds that "So far as practicable, the provisions of this chapter relating to registration on a day of annual registration in such a city or village shall apply to the personal registration of such additional voters." Subdivision 2, which is applicable to the instant application, provides: " 2. In the city of New York, the board of elections shall make the necessary changes in the registers for any election district, for the purpose of a special election, on any day during office hours after the issuance of the proclamation for such election and not later than the second Saturday preceding the election, and applicants for registration therefor may apply for registration in person, and not otherwise, during such times. The board shall have, in respect of any election district in the city, the powers and duties of a board of inspectors at a meeting in a city of over five thousand inhabitants to revise and correct the register for an election held at a time other than that of the general election, except as otherwise provided herein. When an applicant applies to such board of elections for registration for such special election, he shall be required to give under oath his answers to all questions, touching his identity and qualifications, which may be asked. *If it shall appear from his answers or otherwise that he was registered for the last preceding general election* elsewhere within the city, the board shall examine the register for the election district in which he was so registered and shall compare the information and the signature, if any, of the voter appearing on such register, or his identification statement, if any, made on a day of the preceding annual registration, with the information given and signature or identification statement made when he applies to be registered for such special election, and if he is found qualified to be and is registered for such election, the board shall strike his name from the register of such other election district and shall also transfer his enrollment if both districts are in the same county; provided, however, that when an applicant claims to have registered for the preceding general election elsewhere in the city, he shall not be registered for such special election nor shall the name, as given by him, be stricken from the register of any election district unless the board is satisfied of his identity. Applications for registration under this subdivision may be made at the office or branch office of such board within the borough containing the election district in which the applicant seeks to be registered, and the powers and duties of the board may be exercised thereat by all the members of the board, or,

if the board shall so direct, by two members of opposite political faith, or by one member and a designated employee of opposite political faith, or by two designated employees of opposite political faith." (Italics added.) The italicized portion is the only reference in the section to registration at the last preceding general election. These are not words of limitation on the right of qualified voters to register. The obvious purpose is twofold: to permit proper identification of voters who registered at the last general election and to transfer the registration of such voters to the election districts to which they have moved. The construction urged by the board is clearly not consonant with the general purpose of the cited sections of the Election Law. To adopt its interpretation would impose an unwarranted restriction upon the right of qualified voters to participate in a special election. This the court may not do in the absence of a clear and unambiguous mandate of the Legislature.

Application of petitioner, Solomon Laufer, is granted. The respondents, Commissioners of Elections of the City of New York, are directed to register the petitioner, Solomon Laufer, as a duly qualified voter of the 14th Election District of the 4th Assembly District of New York County for the special election to be held on February 19, 1946, for the office of Representative in Congress from the 19th Congressional District, New York, if said Solomon Laufer shall present himself for registration at the office of the Board of Elections on or before Saturday, February 9, 1946.